## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHENIX DE TEJAS, INC. | § | |
| | § | |
| v. | § | CASE NO. 5:24-cv-1112 |
| | § | |
| | § | |
| SENTINEL INSURANCE COMPANY | § | |

## NOTICE OF REMOVAL

Sentinel Insurance Company ("Sentinel") files this Notice of Removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446, removing the above-captioned case to the United States District Court for the Western District of Texas – San Antonio Division. The grounds for removal are as follows:

### BACKGROUND

1. This first-party property lawsuit arises from an insurance claim for purported damages that occurred in a December 2022 winter storm. Plaintiff asserted a claim under its insurance policy with Sentinel for purported property damages resulting from the storm. Joshua Cavazos and Mark Miller are Sentinel's agents that took part in evaluating Plaintiff's claim. Though Sentinel paid the claim, Plaintiff is displeased with the amount Sentinel paid. As a result, Plaintiff alleges that Defendants collectively "intentionally" breached the insurance policy, violated various sections of the Texas Insurance Code, committed knowing violations of the Deceptive Trade Practices Act, and committed a "pattern and practice of common law and statutory violations."

2. Plaintiff filed its Original Petition against Sentinel, Cavazos, and Miller on August 16, 2024. (*See* Ex. 1 at 5.) Sentinel was served with process on September 3, 2024. (*Id.* at 1.) Thus,

Sentinel timely files this Notice of Removal within the thirty-day period required by 28 U.S.C. § 1446(b); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

**EXHIBITS AND DOCUMENTS IN SUPPORT OF REMOVAL**

3. The following documents are attached to this Notice of Removal, as listed in the Index of Matters Being Filed:

| | |
|---|---|
| Exhibit 1 | Plaintiff's Original Petition |
| Exhibit 2 | Sentinel's Election of Legal Responsibility |
| Exhibit 3 | List of All Counsel of Record and Parties Represented |
| Exhibit 4 | Civil Docket Sheet in the State Court Action |
| Exhibit 5 | Defendant's Original Answer, filed 09/30/2024 |
| Exhibit 6 | Civil Cover Sheet |
| Exhibit 7 | Supplement to JS 44 Civil Cover Sheet |
| Exhibit 8 | Certificate of Interested Parties |

**GROUNDS FOR REMOVAL**

***A. Complete Diversity of Citizenship Exists Between the Properly Joined Parties and the Amount in Controversy Exceeds $75,000***

4. Upon information and belief, at the time this action commenced and as alleged in Plaintiff's Original Petition, Plaintiff Phenix de Tejas is a Texas corporation with its primary place of business in Texas. (*See* Ex. 1 at 5, ¶ 3.)

5. Defendant Sentinel is a Connecticut corporation organized under Connecticut laws with its principal place of business in the State of Connecticut. (*See* Ex. 1 at 5, ¶ 4.)

6. Defendant Joshua Cavazos is a resident of Texas, and Mark Miller is a resident of Kentucky. (*See* Ex. 1 at 6, ¶ 1.) However, Cavazos and Miller have been improperly joined. Sentinel has filed an election of legal responsibility accepting liability for any liability Cavazos

and Miller may have to Plaintiff. (*See* Ex. 3.) Accordingly, by statute and Fifth Circuit case law, Cavazos and Miller have been improperly joined, and they are not proper parties to this lawsuit.

7. Plaintiff is seeking monetary damages that range between $250,000.00 and $1,000,000. (*See* Ex. 1 at 20.) Accordingly, the amount in controversy exceeds $75,000.

8. This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it represents a dispute for which the properly joined parties are citizens of different states. As detailed below, Plaintiff has improperly joined Cavazos and Miller. As such, the citizenship of Cavazos and Miller should be disregarded when determining whether this Court has diversity jurisdiction over Plaintiff's claims against Sentinel. Accordingly, this cause is removable pursuant to 28 U.S.C. § 1441 and § 1446.

### B. The doctrine of improper joinder entitles a defendant to remove a suit to a federal forum unless an in-state defendant has been properly joined.

9. A case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly (i.e., without a legal basis to do so). *Barclay v. State Farm Lloyds*, No. H-14-3649, 2015 WL 1408185, at *3 (S.D. Tex. Mar. 26, 2015) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004)). "The doctrine of improper joinder . . . prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant." *Dalton v. State Farm Lloyd's, Inc.*, No. 4:12-cv-03004, 2013 WL 3157532, at *14-15 (S.D. Tex. June 19, 2013) (*citing Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009)). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

3

10. A defendant establishes improper joinder by showing one of two things: (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Smallwood*, 385 F.3d at 573. Defendants claiming improper joinder based on the latter standard must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Barclay*, 2015 WL 1408185, at *4 (*citing McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). A "reasonable basis" means more than a mere hypothetical basis. *Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co.*, No. H-10-1846, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011).

11. Plaintiff's lawsuit arises from a first-party insurance claim related to its property located in San Antonio, Texas. Plaintiff alleges its property was damaged as a result of a winter storm. Since this is a property damage claim arising from forces of nature, Texas Insurance Code Chapter 542A of the Texas Insurance Code applies. *See, e.g., Tejas Power Corp. v. Amerada Hess Corp.*, No. 14-98-346-CV, 1999 WL 605550, *3 (Tex. App.—Houston [14th Dist.] Aug. 12, 1999, no pet.) (holding that freezing weather is an Act of God); *611 Carpenter LLC v. Atl. Cas. Ins. Co.*, No. 1:23-CV-00867-DII, 2023 WL 8481022, at *2 (W.D. Tex. Dec. 7, 2023), *report and recommendation adopted*, No. 1:23-CV-867-DII, 2024 WL 270192 (W.D. Tex. Jan. 23, 2024) (holding Chapter 542A governs freeze claims). Plaintiff alleges that Cavazos and Miller were assigned to handle the investigation and adjustment of Plaintiff's property claim. The parties disagreed about the value of the claim, and Plaintiff filed a lawsuit against Sentinel, Cavazos, and Miller.

12. In adopting Chapter 542A in 2017, the Texas Legislature intended to "mitigate the growing trend of abusive severe weather event lawsuits" that were brought by "[o]pportunistic

4

lawyers [who] have been using extreme weather events as a pretext for exaggerating damages, suing innocent parties, and failing to give notice to insurers before filing lawsuits." HB 1774, House Research Organization (May 4, 2017). One such tactic that the bill was designed to address was plaintiffs naming a non-diverse adjuster defendant in the lawsuit in the hopes of defeating diversity jurisdiction and keeping the case from being removed by the insurer to federal court. *See id*. To resolve this pervasive issue, the legislature set out to prevent insureds from filing suit against non-diverse defendants simply to frustrate insurers' attempts to remove cases to federal court. *See id.*

13. Pursuant to Section 542A.006(a), an insurer may elect to accept responsibility for its agents, including adjusters and consultants. TEX. INS. CODE ANN. § 542A.006(a). The statute explains that if an insurer accepts responsibility for its agents "before a claimant files an action…no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." TEX. INS. CODE ANN. § 542.006(b). Further, the statute states that if an insurer accepts responsibility for its agent after a claimant files an action, "the court shall dismiss the action against the agent with prejudice." *Id.* 542A.006(c).

14. For years, Texas federal district courts were split over whether the "Voluntary-Involuntary Rule" applied, with some remanding to state court and some holding it did not apply. *See Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022). But the Fifth Circuit resolved the split by in *Advanced Indicator* by holding insurers may elect responsibility for non-diverse adjuster defendants after a lawsuit is filed but before removal, resulting in diversity jurisdiction and effectively eliminating the so-called "Voluntary-Involuntary

5

Rule." *See* 50 F.4th at 475. Essentially, the court held that adjusters were considered improperly joined when an insurer elects to claim responsibility for the agent or adjuster's acts. *See id.*

15. On September 30, 2024, before removal, Sentinel filed a written notice that Sentinel accepted whatever liability Miller and Cavazos might have to Plaintiff for any of their acts or omissions related to this claim. (*See* Ex. 2 at 1–2.) Per the Fifth Circuit, this election of liability rendered Miller and Cavazos improper parties because there is no possibility that Plaintiff may recover against them. *Id.* at 475 (citing *Smallwood*, 385 F.3d at 573). Therefore, the Court should disregard their citizenship for removal determination.

16. A copy of this Notice of Removal will be filed with the Bexar County District Clerk's office promptly and will be served on Plaintiff promptly. *See* 28 U.S.C. § 1446(d).

17. The filing fee has been paid to the Clerk.

## Conclusion

18. Removal of this action under 28 U.S.C. § 1441(a) is proper as district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

19. Sentinel Insurance Company respectfully requests that the state court action now pending in the 150th Judicial District Court of Bexar County, Texas be removed and placed on this Court's docket for further proceedings as though it originated in this Court, and that this Court issue all necessary orders. Sentinel further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & AUGHTRY

By:   */s/ Christine Kirchner*
       Christine Kirchner
       State Bar No. 00784403
       ckirchner@chamberlainlaw.com
       Chris Lemons
       State Bar No. 24094799
       chris.lemons@chamberlainlaw.com
       Mary "Katy" Andrade
       State Bar No. 24118606
       katy.andrade@chamberlainlaw.com
       1200 Smith Street, Suite 1400
       Houston, Texas 77002
       Telephone (713) 658-1818
       Telecopy (713) 658-2553

**ATTORNEYS FOR DEFENDANT
SENTINEL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan Ayers
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034

                                      */s/ Christine Kirchner*
                                      Christine Kirchner