# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**PHENIX DE TEJAS, INC.,**

   *Plaintiff*,

v.                                                   Case No. 5:24-CV-1112-JKP-HJB

**SENTINEL INSURANCE COMPANY,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Partial Motion to Dismiss (ECF No. 10) filed by Defendant Sentinel Insurance Company. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal of some, but not all claims asserted by Plaintiff in its First Amended Complaint ("FAC") (ECF No. 7). With Plaintiff's response (ECF No. 12) and Defendant's reply (ECF No. 14), the motion is ripe for ruling. After considering the motion, related briefing, and applicable law, the Court grants the motion in part and denies it in part.

## I. BACKGROUND[1]

Plaintiff commenced this case in state court, but Defendant removed it on the basis of diversity jurisdiction. *See* Notice of Removal (ECF No. 1). After removal and compliance with this Court's Standing Order (ECF No. 3) regarding motions to dismiss, Plaintiff filed a notice (ECF No. 6) stating its intent to amend the complaint. Within a week, it filed its amended complaint. *See* ECF No. 7.

Plaintiff sues its insurance carrier under a commercial insurance policy (Policy Number 61 SBA UI9704 DX (the "Policy"), with effective dates of November 13, 2022, to November 13, 2023) issued to cover the relevant property in San Antonio, Texas. *Id*. ¶¶ 4–6. It asserts the

---

[1] The Amended Complaint provides the background facts, which the Court views in the light most favorable to Plaintiff as required under Fed. R. Civ. P. 12(b)(6).

following claims against Defendant: (1) breach of contract; (2) violations of Chapter 541 of the Texas Insurance Code governing unfair settlement practices; (3) violations of Chapter 542 of the Texas Insurance Code governing prompt payment requirements; (4) breach of the duty of good faith and fair dealing; and (5) violations of the Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.46, et seq. *See id*. ¶¶ 46–68. It alleges that the acts described in its amended complaint were done with knowledge and as part of a pattern and practice. *See id*. ¶¶ 69–72.

In response to the amended complaint, Defendant filed the instant partial motion to dismiss. Pursuant to Fed. R. Civ. P. 12(b)(6), it seeks to dismiss various extracontractual claims. The motion is ready for ruling.

## II. APPLICABLE LAW

In this case based on diversity jurisdiction, Texas substantive law applies while federal law governs matters of procedure. *See Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 357 (W.D. Tex. 2020); *Silo Restaurant Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 569 (W.D. Tex. 2019). No party disputes the applicable law.

## III. APPLICABLE LEGAL STANDARDS

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d

475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). And "despite the natural focus on the allegations of the operative pleading," the party moving for dismissal under Rule 12(b)(6) "has the burden" to show that dismissal is warranted. *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Plaintiffs need not plead the legal basis for a claim, but they "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam). And they satisfy that standard when they allege "simply, concisely, and directly events" that are sufficient to inform the defendant of the "factual basis" of their claim. *Id.*

Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to relief don't suffice. Thus, though [courts] generally take as true what a complaint alleges, [they] do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F. 4th 905, 910 (5th Cir. 2022) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims.

*Id.* at 563 n.8.

The "heightened pleading standard" of Fed. R. Civ. P. 9(b) applies for allegations of fraud or mistake. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). "In a pleading alleging fraud, a plaintiff must state the circumstances constituting fraud with particularity." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.'" *Kanneganti*, 565 F.3d at 185. And "[t]he particularity demanded by Rule 9(b) is supplemental to the [*Twombly* standard]." *Id*. The *Twombly* standard "raises a hurdle in front of what courts had previously seen as a plaintiff's nigh immediate access to discovery—modest in its demands but wide in its scope." *Id*. In addressing the interplay between *Twombly* and Rules 8(a) and 9(b), the Fifth Circuit noted:

> In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. We apply Rule 9(b) to fraud complaints with "bite" and "without apology," but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not "reflect a subscription to fact pleading" and requires only "simple, concise, and direct" allegations of the "circumstances constituting fraud," which after *Twombly* must make relief plausible, not merely conceivable, when taken as true.

*Id*. at 185–86. (citations and footnotes omitted).

As the party moving for dismissal under Fed. R. Civ. P. 12(b)(6), Defendant has the burden to provide a basis for dismissal, and that includes invoking Rule 9(b), if warranted. Because Defendant has invoked the pleading requirements of Rule 9(b) as a basis for dismissal, the Court will address whether Rule 9(b) is applicable to claims asserted, and if necessary, whether Plaintiff has satisfied its particularity requirements.

## IV. RULE 9(b)

Defendant urges the Court to dismiss several claims for Plaintiff's failure to comply with the pleading requirements of Fed. R. Civ. P. 9(b). Mot. at 7–11. Responding that it no longer asserts

4

claims of fraud, fraudulent concealment, and fraudulent inducement, Plaintiff argues that dismissal of such non-existent claims is unnecessary and a waste of judicial resources. Resp. at 3. It further argues that Rule 9(b) does not apply to allegations of misrepresentation or to a prompt pay claim. *Id*. It maintains that applying the Rule 9(b) pleading standard is improper because it has not made fraud allegations against Defendant, and in any event, it has satisfied that pleading standard through its amended complaint. *Id*. at 3–4. In reply, Defendant contends that, although Plaintiff may have dropped certain asserted claims, Plaintiff's amended complaint still contains allegations of fraud, fraudulent concealment, and fraudulent inducement. Reply at 1–2. Defendant thus urges the Court to dismiss all misrepresentation and fraud claims. *Id*. at 3.

Both parties are partially correct. First, Fed. R. Civ. P. 12(b)(6) concerns dismissal of claims, not allegations. Thus, Plaintiff is correct that there are no claims of fraud, fraudulent concealment, or fraudulent inducement to be dismissed in this case. Despite its allegations, it is not pursuing such claims. As a represented party, Plaintiff is not entitled to liberal construction of its allegations, which might suffice to transform a mere allegation into an asserted claim for a party proceeding without counsel. And, while courts do look beyond the mere label of a claim or cause of action, parties pursuing claims are nonetheless free to drop or abandon claims while retaining factual allegations that may relate to other asserted claims. The proper focus under Rule 12(b)(6) is to determine whether the party asserting a claim has made enough factual allegations to comply with the pleading requirements of the Federal Rules of Civil Procedure, whether that standard is under Rule 8(a) alone, or as supplemented by Rule 9(b). Thus, as invoked by Defendant, Rule 9(b) may have applicability to claims asserted and currently pursued by Plaintiff. Courts, however, do not look at such applicability in a vacuum or in a vague general manner. Rather, they proceed claim-by-claim as presented by the party moving for dismissal while examining the operative pleading for sufficiency of the allegations.

With this procedure in mind, the Court proceeds to consider Defendant's invocation of

5

Rule 9(b). Defendant broadly invokes Rule 9(b) for Plaintiff's "claims for fraud, fraudulent concealment, fraudulent inducement, Texas Insurance Code violations, DTPA violations, breach of the common law duty of good faith and fair dealing, and 'pattern and practice of common law violations.'" *See* Mot at 7 (Heading A). As already mentioned, Plaintiff does not include claims of fraud, fraudulent concealment, or fraudulent inducement in its amended pleading. Because there are no such claims to dismiss, the Court denies the motion as to dismissing such claims. Similarly, even though Plaintiff includes a heading for "pattern and practice" as a claim, *see* FAC ¶ 72, its response clarifies that it provided ¶ 72 only to describe the basis for its claims, not as a separate standalone cause of action, *see* Resp. at 16–17. Thus, there is no pattern-and-practice claim to consider outside the context of other specifically asserted claims.

As for alleged Texas Insurance Code violations, Defendant identifies only an alleged violation of § 541.060(a)(1) as violating Rule 9(b). *See* Mot. at 7 and 11. Although Plaintiff asserts claims under other provisions of § 541.060(a), *see* FAC ¶¶ 51–55, Defendant does not invoke Rule 9(b) as to them. Further, although Plaintiff asserts a prompt-payment claim under the Texas Insurance Code, *see* FAC ¶¶ 56–60, Defendant does not invoke Rule 9(b) as to that claim. The Court will not consider Defendant's broad invocation of Rule 9(b) to "Texas Insurance Code violations," as sufficient to invoke Rule 9(b) as to provisions of the Texas Insurance Code not specifically discussed in the context of Rule 9(b) in the motion to dismiss.

As for the challenged Texas Insurance Code violation under Rule 9(b)—§ 541.060(a)(1), this Court has previously acknowledged that "alleged violations of § 541.060(a)(1) are subject to Rule 9(b)." *Woodstone Condo. Owners Ass'n, Inc. v. Phil. Indem. Ins. Co.*, No. 5:24-CV-0364-JKP-ESC, 2024 WL 4612940, at *2 (W.D. Tex. Oct. 28, 2024). Plaintiff has provided nothing to convince the Court otherwise. Additionally, because all "state-law fraud claims are subject to the pleading requirements of Rule 9(b)," *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008), Rule 9(b) applies to Plaintiff's DTPA claims, *see Kumar v. Panera Bread Co.*, No. 23-

6

20178, 2024 WL 1216562, at *4 (5th Cir. Mar. 21, 2024) (per curiam); *accord Crosswell v. Martinez*, 120 F.4th 177, 188 (5th Cir. 2024) (noting that district court applied Rule 9(b) to DTPA claims and appellants did not challenge that application).

But "because fraudulent conduct is not necessary to state a claim for breach of common law duty of good faith and fair dealing, Plaintiffs need only satisfy the requirements of Rule 8(a) in order to adequately allege a claim for relief," *Cortez v. W. Mut. Ins. Co.*, No. 5:19-CV-430-OLG, 2019 WL 10349397, at *4 (W.D. Tex. June 24, 2019) (citing *Tiras v. Encompass Home and Auto. Ins. Co.*, No. 4:10-CV-3266, 2011 WL 5827298, at *6 (S.D. Tex. Nov. 17, 2011)). Likewise, "the stringent requirements of Rule 9(b) do not apply to" prompt payment claims predicated on Tex. Ins. Code §§ 542.055, 542.056, and 542.058. *Id*.

With these principles in mind, the Court will next address the remaining claims that Defendant seeks to dismiss—applying the standards of Rule 8(a), as supplemented by Rule 9(b) as warranted.

## V. CLAIMS OF MISREPRESENTATION

Defendant seeks to dismiss Plaintiff's statutory misrepresentation claims asserted under § 541.060(A)(1) of the Texas Insurance Code and unspecified sections of the DTPA. Plaintiff contends that it has made sufficient factual allegations to continue to pursue such claims.

Section 541.151 authorizes private actions for any "person who sustains actual damages" by another person engaging in (1) unfair methods of competition or unfair or deceptive acts defined in Subchapter B of Chapter 541 of the Insurance Code, i.e., § 541.051, et seq., or (2) "specifically enumerated" unlawful deceptive trade practices in § 17.46(b) of the Business & Commerce Code. Relatedly, § 17.50(a) of the DTPA provides consumers with a private cause of action when certain acts are "a producing cause of economic damages or damages for mental anguish."

To show compliance with Rule 9(b), Plaintiff merely cites to ¶¶ 8 through 28 of the FAC. Resp. at 4. Those paragraphs, however, do not suffice to show a violation of § 541.060(a)(1)

7

("misrepresenting to a claimant a material fact or policy provision relating to coverage at issue"). Plaintiff also adds that Defendant and its representatives misrepresented "that the damage to Plaintiff's property was not covered under the Policy." FAC ¶ 32. But regardless of Rule 9(b), Plaintiff has not alleged enough facts as to its reliance on any alleged misrepresentation. "Under Texas law, if the insured does not rely to his detriment on the misrepresentation when making a decision, there is no actionable claim." *Taboada v. State Farm Lloyds*, No. 2:18-CV-453, 2020 WL 264688, at *2 (S.D. Tex. Jan. 17, 2020) (citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 695 (Tex. 1979)). Because Plaintiff has not alleged any reliance in its pleading, its § 541.060(a)(1) fails.

As mentioned by Defendant, Plaintiff also asserts an unspecified claim under the DTPA. Plaintiff's operative pleading references § 17.46, et seq., as well as § "17.50(a)(1)(4)" of the Texas Business and Commerce Code. FAC ¶ 66. The Court interprets the quoted text as invoking both § 17.50(a)(1) and (4). Subsection (a)(1) provides for a claim for damages for actions "specifically enumerated" in § 17.46, whereas subsection (a)(4) provides for a claim for damages for violations of Chapter 541.

In some circumstances when "a plaintiff brings a claim based on a specific statute," the "plaintiff must plead the statute on which the claim is based" to survive a Rule 12(b)(6) motion to dismiss. *Estrada v. Indus. Transit, Inc.*, No. 4:16-CV-013-DAE, 2016 WL 10967300, at *3 (W.D. Tex. Aug. 8, 2016) (negligence per se context). A failure to identify a specific provision of § 17.46(b) may be problematic and might result in a similar outcome. But this case presents no reason to further consider the matter.

"For DTPA claims under section 17.46, a consumer must have also relied to its detriment on the seller's acts or representations and such acts or representations must have been the producing cause of the consumer's damages." *Yumilicious Franchise, LLC v. Barrie*, No. 3:13-CV-4841-L, 2015 WL 1822877, at *4 (N.D. Tex. Apr. 22, 2015) (citing Tex. Bus. & Com. Code § 17.50(a)).

8

*See also* Tex. Ins. Code § 541.151(2) (requiring detrimental reliance for actions premised on § 17.46(b)). By failing to allege reliance, Plaintiff "fails to state a claim under § 541.060(a)(1)" and § 17.46. *Woodstone Condo. Owners Ass'n, Inc. v. Phil. Indem. Ins. Co.*, No. 5:24-CV-0364-JKP-ESC, 2024 WL 4612940, at *8 (W.D. Tex. Oct. 28, 2024). Nevertheless, the "continued presence" of Plaintiff's claims under § 541.060(a)(2)(A), (3), (4), and (7), *see* FAC ¶¶ 52–55, labeled by Defendant as statutory bad faith claims, may "provide[] a plausible basis for a DTPA claim under § 17.50(a)(4)." *See Woodstone*, 2024 WL 4612940, at *8. The Court next considers whether such claims survive the instant motion to dismiss.

### V. COMMON LAW AND STATUTORY BAD FAITH CLAIMS

Defendant also moves for dismissal of Plaintiff's statutory bad faith claims in addition to its common law claim for breach of the duty of good faith and fair dealing. *See* Mot. at 16. It argues that these claims are devoid of facts and are nothing more than mere conclusions. *See id*. And, if one looks only to ¶¶ 52 through 55 of the FAC, one might view the statutory claims as conclusory and devoid of facts. These paragraphs accurately parrot the respective unfair settlement practices identified by § 541.060(a)(2)(A) ("failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear"); § 541.060(a)(3) ("failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim"); § 541.060(a)(4) ("failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder"); and § 541.060(a)(7) ("refusing to pay a claim without conducting a reasonable investigation with respect to the claim"). But, importantly, each of those paragraphs also refer to "unfair settlement practices, as described" earlier in the FAC. The amended pleading describes various acts and omissions of Defendant that provide further context for these claims. *See* FAC ¶¶ 12–27. The Court views these allegations as more than mere

9

recitations of the statutory elements. Plaintiff has provided enough factual allegations for these claims to proceed. This means that Plaintiff has also stated a plausible basis for a DTPA claim under § 17.50(a)(4). A violation of § 17.50(a)(4) "requires an underlying violation of the Insurance Code, and so the DTPA claim will rise or fall based on the Insurance Code claims." *Univ. Baptist Church of Fort Worth v. York Risk Servs. Grp. Inc.*, 776 F. App'x 863, 864 (5th Cir. 2019) (per curiam).

Defendant fares no better with the common law claim. "An insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995). This "duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 568 (Tex. 1990) (quoting *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987), *abrogated on other grounds by Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990)). "In the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Arnold*, 725 S.W.2d at 167. Further, "without such a cause of action insurers can arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed." *Id*.

To a state a claim "for breach of the duty of good faith and fair dealing," it must be "alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay." *Id*. "An insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 n.5 (Tex. 1997). Instead, "failing to reasonably investigate a claim" may also constitute a breach of the "duty of good faith and fair dealing." *Id*.

10

Plaintiff has provided enough factual allegations for its common law claim that Defendant breached its duty of good faith and fair dealing. In addition to the various background factual allegations cited above, Plaintiff also sets forth five specific paragraphs dedicated solely to its common law claim. *See* FAC ¶¶ 61–65. Plaintiff's factual allegations are sufficient to avoid dismissal under Rule 12(b)(6).

## VI. PROMPT PAYMENT CLAIMS

Defendant also seeks dismissal of Plaintiff's prompt payment claims asserted under Tex. Ins. Code §§ 542.055, 542.056, and 542.058. Mot. at 12. Texas law provides for liability through § 542.060 when the insurer "is not in compliance with this subchapter." Plaintiff asserts that Defendant is noncompliant with the three sections identified by Defendant. *See* FAC ¶¶ 57–59. Plaintiff provides some conclusory paragraphs regarding such claims, *see id.* ¶¶ 37-39, which Defendant contends do not suffice. But Plaintiff includes other factual allegations that satisfy the pleading requirements. *See id.* ¶¶ 12, 14–25, 56. The Court finds sufficient allegations for the prompt payment claims to proceed.

## VII. LEAVE TO AMEND

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that dismissal is warranted. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

Plaintiff has asked to amend its complaint. *See* Resp. at 17. But it provides no basis to believe that it has not stated its best case. According to Defendant's certificate of conference attached to the motion to dismiss, it complied with this Court's standing order, Plaintiff filed the amended complaint in response, and Defendant views the amended pleading as still deficient. *See* Mot. at 21. Defendant also opposes Plaintiff's request to replead because its compliance with the

11

Court's standing order provided Plaintiff with an opportunity to present its best case. *See* Reply at 10–11.

The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 3 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id.* Thus, "if the Court finds any Motion to Dismiss has merit, **the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss**." *Id.* at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)).

Although Defendant complied with this Court's standing order and Plaintiff filed an amended complaint to address noted deficiencies, Plaintiff requests leave to file another amendment. But its current request to amend provides no reason why the procedure applied through the Court's standing order failed to provide an adequate opportunity to present its best case. Plaintiff merely recites the typical process of permitting an amendment to cure pleading deficiencies and the familiar refrain that leave to amend shall be freely granted. Resp. at 17. But justice does not require serial amendments in response to motions to dismiss. Plaintiff has provided no reason for allowing another amendment.

Based upon all of the foregoing, the Court finds that Plaintiff has had an adequate opportunity to state its best case and thus declines to exercise its discretion to permit the filing of another amended complaint.

## VIII. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Partial Motion to Dismiss (ECF No. 10) filed by Defendant Sentinel Insurance Company. The Court grants the motion only to the extent of dismissing any claim based on Tex. Ins. Code §

541.060(a)(1) or Tex. Bus. & Com. Code § 17.46. These claims are dismissed with prejudice. The Court otherwise denies the motion. As stated herein, Plaintiff is not pursuing specific claims of fraud, fraudulent inducement, or fraudulent concealment. Nor is it pursuing an independent claim for pattern and practice. Dismissal of any such claims is unnecessary and unwarranted. The following asserted claims remain in this case: (1) breach of contract; (2) unfair settlement practices predicated on Tex. Ins. Code §§ 541.060(a)(2)(A), (3), (4), and (7), as well as the related DTPA claim under Tex. Bus. & Com. Code § 17.50(a)(4); (3) prompt payment claims predicated on Tex. Ins. Code §§ 542.055, 542.056, and 542.058; and (4) common law claim for breach of good faith and fair dealing.

**SIGNED this 29th day of April 2025.**

*[Signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**